IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Criminal No. TDC-23-0061 |
| | * | |
| STEPHEN KENNEDY | * | |
| | * | |
| Defendant. | * | |
| | * | |
| | ******* | |

## GOVERNMENT'S MOTION TO DETAIN

The United States of America, by and through its undersigned counsel, moves this Honorable Court to detain Stephen Kennedy (the "Defendant") through imposition and execution of his sentence.

### I.   Factual Background

On February 3, 2025, a jury convicted the Defendant of the following counts:

- Count 1:   Conspiracy to Commit Arson, in violation of 18 U.S.C. § 844(n);

- Count 4:   Arson, in violation of 18 U.S.C. § 844(i);

- Count 5:   Hobbs Act Robbery, in violation of 18 U.S.C. § 1951;

- Count 6:   Use or Carrying a Firearm During and in Relation to, or Possession of a Firearm in Furtherance of, a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(a), (c)(I)(B)(ii);

- Count 7:   Carrying an Explosive During the Commission of a Felony, in violation of 18 U.S.C. § 844(h)(2); and

- Count 8:   Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1).

ECF No. 145.

1

**II.     Legal Standard**

Because the Defendant has been convicted of a crime of violence and a crime for which the maximum sentence is life imprisonment, the governing statute is 18 U.S.C. § 3143(a)(2). *See* 18 U.S.C. §§ 3142(f)(1)(A), (B). The statute requires the Court to detain the Defendant unless the Court finds "there is a substantial likelihood that a motion for acquittal or new trial will be granted; or an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person." 18 U.S.C. § 3143(a)(2)(A). Even if one of those factors applies, the Court must also find there to be "clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community." 18 U.S.C. § 3143(a)(2)(B).

**III.    Analysis**

    *a. The Defendant Satisfies Neither of the Section 3143(a)(2)(A) factors.*

The Defendant cannot show a "a substantial likelihood that a motion for acquittal or new trial will be granted." 18 U.S.C. § 3143(a)(2)(A)(i). In his Rule 29 motion, the Defendant did not identify any specific deficiencies in the Government's case, and the Court found there to be sufficient evidence on all charged counts. There were no objections during closing.

The Defendant faces a statutory minimum of 35 years based on his convictions under Counts 1 and 6. The Government intends to seek a sentence above the statutory minimum.

    *b. The Defendant Cannot Establish by Clear and Convincing Evidence that He is Not Likely to Flee or Pose a Danger to Any Other Person of the Community.*

The Government submits that the Court need not reach this prong, because there is not a substantial likelihood that the Court will grant a motion for acquittal or a new trial. But even if the Court were to reach this prong, the Court has seen evidence of the Defendant's vicious crimes.

His prior conduct suggests he poses a danger to the community. The Defendant is facing a *minimum* sentence of 35 years. He has an incentive to flee at this point.

### IV.   Conclusion

The Government respectfully requests that the Court detain the Defendant.

Respectfully submitted,

EREK L. BARRON
UNITED STATES ATTORNEY

By: _____/s/_____
Christopher Sarma
Joshua Rosenthal
Assistant United States Attorneys

3