**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **v.** | * | **CRIMINAL NO. TDC 23-61** |
| | * | |
| **STEPHEN KENNEDY,** | * | |
| | * | |
| **Defendant.** | * | |
| | * | |
| | * | |
| | ******* | |

**GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING**

A jury convicted Stephen Kennedy (the "Defendant") of committing the following crimes:

- Conspiring to commit arson (Count 1);

- Burning down a 7-Eleven at Three Notch Road on July 25, 2021 (Count 4);

- Robbing the Three Notch Road 7-Eleven on July 25, 2021 (Count 5);

- Carrying a firearm in furtherance of the July 25, 2021 robbery (Count 6);

- Carrying an explosive device while committing a felony on July 25, 2021 (Count 7); and

- Possessing two firearms on January 6, 2022 after having been convicted of a felony (Count 8).

The Defendant deserves a long prison sentence because of the heinous crimes that he committed. The Government requests that the Court impose a term of 5 years for Counts 1, 4, 5, and 8, all to run concurrently to each other; a term of 30 years for Count 6 to run consecutive to all other counts; and a term of 10 years on Count 7 to run consecutive to all other counts. This sentence yields a total term of imprisonment of 45 years.

As to supervised release, the Government requests that Court impose a three-year term of supervised release for Counts 1, 4, 5, 7, 8 and a five-year term of supervised release for Count 6, with all periods of supervised release to run concurrently to each other.

1

The Government requests that the Court impose $367,354.82 in restitution to be joint and several with co-defendant Donnell Kelly.  The victim information for payment is located on the statement of reasons for co-defendant Kelly.  ECF 116.  The Government does not request a fine in this case.

## Background

### I.    Procedural Background

On October 31, 2024, an eight-count Superseding Indictment was filed against the Defendant that charged him with Conspiracy to Commit Arson (Count One); Arson Affecting Interstate Commerce (Counts Two and Four); Felon in Possession of a Destructive Device (Count Three); Interference with Commerce by Robbery (Count Five); Use and Carry of a Firearm During and in Relation to a Crime of Violence (Count Six), Carrying Explosive During Commission of a Felony (Count Seven); and Felon in Possession of a Firearm (Count Eight).

The Government dismissed Count Three on its own motion, and the jury acquitted the Defendant on Count Two.

### II.    Factual Background

The PSR accurately summarizes the evidence established at trial.

Between January 2021 and January 2022, the Defendant, co-defendant Donnell Kelly, and others, agreed and conspired to firebomb 7-Eleven stores in Maryland and Virginia.  They conspired to set these stores ablaze to obtain cash located in ATMs within the stores.

### A. Auth Road Arson

On January 6, 2021, members of the conspiracy went to a 7-Eleven store at 6404 Auth Road in Suitland, Maryland. After a store clerk triggered a lock to prevent his entry, a co-conspirator threw several incendiary devices at the exterior front door while another conspirator stood by a nearby clothes-donation bin with a bag containing additional firebombs.  There were

customers inside the building.  The co-conspirators fled after the attack.  Law enforcement found the Defendant's DNA from the bag containing the unused Molotov cocktail.[1]

### B. Three Notch Road Arson

The Defendant participated in an arson and robbery at a 7-Eleven on Three Notch Road on July 24, 2021.  The Defendant's van was used to transport individuals to the 7-Eleven on that day. At approximately 4:30 a.m., two individuals walked into the Three Notch Road 7-Eleven. Once inside, one of the individuals lit Molotov Cocktails while demanding that the store clerk provide him with the cash register's contents.  Law enforcement found the Defendant's DNA on the wick for one of the Molotov Cocktails. Fearing for his safety, the clerk complied and gave the co-conspirator between $50 and $200.

During the early morning hours of July 27, 2021, the Defendant's van returned to the closed Three Notch Road 7-Eleven.  The Defendant or one of his co-conspirators cut the chain securing the front door and removed approximately $91,360 in cash from the ATM inside. The ATM machine was destroyed and cost $2,293.20 to replace.  Law enforcement recovered the Defendant's DNA from a Gatorade bottle left at the Three Notch Road 7-Eleven that had been consumed during the ATM larceny.  Then, on July 30, 2021, the Defendant created a video showing himself lying in a bed surrounded by $20 bills.

### C. South Jordan Street Arson

On January 3, 2022, members of the conspiracy deployed incendiary devices inside an occupied 7-Eleven on South Jordan Street in Alexandria, Virginia.    On the night of January 4-5, 2022, law enforcement saw members of the conspiracy arrive in two cars: a black Audi S5 sedan with D.C. license plates and a black Audi Q5 SUV with Maryland plates registered to the Defendant's

---

[1] The jury acquitted the Defendant of the substantive arson charge related to this event.

girlfriend and their shared home address.  Members of the conspiracy fled in the two vehicles, one of which, the Audi S5, headed toward D.C., crashed, and whose occupants escaped on foot. Officers located various tools, including bolt cutters, prybars and gas-powered saws inside the Audi S5.  The Defendant's DNA was located on tools obtained from the crashed car.  Records obtained from Harbor Freight Tools showed that the Defendant purchased many of the tools on January 4, 2022, at a Harbor Freight located in Waldorf.

### D.  Illegal Firearm Possession

On January 6, 2022, law enforcement recovered a Glock 22 Gen 4 handgun with an obliterated serial number and a Century Arms Draco semi-automatic pistol with an obliterated serial number from the Defendant's home.  He admitted to law enforcement that he possessed these firearms. Before January 6, 2022, the Defendant had been convicted of, and knew he had been convicted of, an offense punishable by more than one year imprisonment and his civil rights had not been restored; and he was therefore prohibited from possessing a firearm. Both firearms had traveled in interstate commerce before being recovered in Maryland.

## III.    Statutory Sentencing Factors Under 18 U.S.C. § 3553(a)

A district court must "begin all sentencing proceedings by correctly calculating the applicable Guidelines range." *Gall v. United States*, 552 U.S. 38, 49 (2007).  After calculating the range, it must consider the § 3553(a) factors before imposing the sentence. *Id.* at 49-50.  "If the district court decides to impose a sentence outside the guidelines range, it must ensure that its

justification supports 'the degree of the variance.'" *United States v. Evans,* 526 F.3d 155, 161 (4th Cir. 2008) (quoting *Gall,* 552 U.S. at 51).

## IV.    Guidelines Calculations

The Government agrees with Probation that the total offense level is 30.  PSR ¶ 47.  The Government also agrees with Probation that the Defendant's Criminal History Category is III.  PSR ¶ 61.  Thus, the Defendant's Sentencing Guidelines range for all counts other than Counts 6 and 7 is **121-151 months** of imprisonment.  Counts 1 and 4 have five-year mandatory minimums that can run concurrently to other counts.  Count 6 has a mandatory minimum of 30 years that must run consecutive to all other counts.  Count 7 has a mandatory minimum of 10 years that must run consecutive to all other counts.

## V.    Section 3553(a) Sentencing Factors

The Government requests that the Court impose sentence of 45 years imprisonment.

### A.  Nature and Circumstances of the Offense

This factor favors a long sentence.  The jury convicted the Defendant of violent crimes.  In participating in these arsons, he showed a disregard for human life.  For example, during the July 25, 2021 arson, one of the Defendant's co-conspirators lit multiple Molotov cocktails, threw them

5

in the vicinity of the store clerk, and then ordered the clerk to hand over the cash. A still shot from

the surveillance video is below.



After helping break into the ATM at this location, the Defendant reaped the fruits of this

crime. On July 30, 2021, the Defendant created a video showing himself lying in a bed surrounded

by $20 bills. A still shot from the video is below.



During the January 3, 2022 arson, the Defendant or one his co-conspirators deployed Molotov cocktails inside a 7-Eleven that was fully occupied. Video footage from the incident—

of which a still shot is included below—shows kids running out of the store.  Luckily, no one was hurt.



The Defendant helped to run this criminal scheme.  He provided his conversion van and Audi SUV so that the conspiracy could travel to these 7-11s.  He also purchased tools from Harbor Freight to break into stores.

Along with the arsons, the Defendant possessed two firearms unlawfully.  One of them had an obliterated serial number.  The 922(g)(1) offenses, by themselves, constitute serious conduct.

### B.  History and Characteristics of the Defendant

This factor favors a long sentence.  The Defendant has five prior adult criminal convictions, PSR ¶¶ 56-60, totaling six criminal history points, PSR ¶ 61.  Two of his prior convictions involved violence.  For his 2011 assault conviction, he struck a police officer in the chest and fled.  PSR

¶ 56.  For his 2011 attempted armed robbery, he hid in the back seat of a car, struck the victim in the head with an assault rifle and demanded money from the victim.  PSR ¶ 58.

The Defendant lacks the types of mitigating personal history that would favor a downward variance.  He does not have any serious mental history or drug abuse history.  He is in a committed relationship with a partner who has a white-collar job.  PSR ¶ 77.  And during the time that he committed these crimes, he was running a successful food truck.

### C.  Deterrence

The factors of specific and general deterrence favor a long sentence.  This period of imprisonment will be the Defendant's third.  His longest sentence to date was 15 years, all but four years suspended.  PSR ¶ 58.  That sentence did not deter him from committing additional crimes.  A long sentence in this case will hopefully convince him to cease committing crimes.

As for general deterrence, a long sentence will signal to the public that this Court will not tolerate individuals setting stores ablaze with people inside and then stealing from them.

### D.  Unwarranted Sentencing Disparities

Co-defendant Donnell Kelly received a 121-month sentence.  The Government is seeking a downward variance, in part, because of Mr. Kelly's sentence.

### VI.  Supervised Release

The Government recommends that the Court impose a three-year term of supervised release for Counts 1, 4, 5, 7, 8 and a five-year term of supervised release for Count 6, with all periods of supervised release to run concurrently to each other.  After a long period of incarceration, the Defendant will need support to integrate back into society.

The Government does not believe that Additional Recommended Conditions of Supervision #1 and #2 are "reasonably related" to the sentencing factors.  The Defendant engaged

in violent crimes, which had monetary benefits, but did not rely on hiding assets in bank accounts. Additional Recommendation Condition of Supervision #3 should be amended for the correct restitution amount.

## VII.    Restitution

The Government—with input from 7-Eleven—request that the Court order the Defendant to pay $367,354.82 in restitution to 7-Eleven.  Restitution should be joint and several with co-defendant Kelly.  The payment information is located on the Statement of Reasons for Kelly.  ECF 116.

## **CONCLUSION**

The Defendant must now be punished appropriately for the horrific crimes that he committed.

Respectfully Submitted,

Kelly O. Hayes
United States Attorney

By:    _____/s/_____

Christopher Sarma
Joshua Rosenthal
Assistant United States Attorneys